OPINION
{¶ 1} Cincinnati Insurance Company appeals from a summary judgment in favor of its insureds, Carol and Jessica Evans, that they are entitled to UM/UIM coverage. We affirm.
 {¶ 2} The issue before the trial court on cross motions for summary judgment was whether Carol Evans — the named insured and mother of Jessica Evans, who was injured in an auto accident — effectively rejected UM/UIM coverage.
 {¶ 3} The trial court determined that Linko v. Indemn. Ins.Co. of N. Am. (2000), 90 Ohio St.3d 445 applied, and that CIC's offer of UM/UIM coverage did not contain two of the requiredLinko elements. On appeal, CIC contests neither of these determinations.
 {¶ 4} The trial court also determined, after considering evidence extrinsic to the four corners of the "Acceptance/Rejection" form, that Carol Evans had not effectively rejected UM/UIM coverage, thus concluding that she and her daughter were entitled to UM/UIM coverage.
 {¶ 5} CIC presents its "Law and Argument" in the following format:
 {¶ 6} "A. The court should permit extrinsic evidence in the case at bar to assist in determining whether the plaintiff, carol evans, executed a knowing rejection of um/uim coverage; and as such, the court should apply its findings in Manalo v.Lumberman's Mutual Cas. Co. (Feb. 7, 2003), No. 19391, 2nd
Dist. App. Montgomery, unreported.
 {¶ 7} "B. Assignment of error #1: the trial court erred in granting the motion for summary judgment of the plaintiffs. extrinsic evidence produced by the defendant-appellant clearly demonstrated genuine issues of material fact concerning the knowledge held by carol evans of the elements required for a valid offer and rejection of excess uninsured/underinsured motorist coverage.
 {¶ 8} "C. Assignment of error #2: the trial court erred in denying the motion for summary judgment of the defendant-appellant, the cincinnati insurance company. extrinsic evidence produced in the trial court established that carol evans possessed full knowledge of the information necessary for a valid offer and rejection of excess uninsured/underinsured motorist coverage."
 {¶ 9} In CIC's assignments of error, it argues that extrinsic evidence (to the four corners of the Acceptance/Rejection form) created genuine issues of material fact which precluded summary judgment for the insureds and that extrinsic evidence established conclusively that Carol Evans effectively waived UM/UIM coverage.
 {¶ 10} In order for us to consider the merits of its assignments of error, CIC recognizes that we must revive Manalov. Lumberman's Mut. Cas. Co. (Feb. 7, 2003), Montgomery App. No. 19391, which we expressly overruled in Hollon v. Clary (Oct. 24, 2003), Montgomery App. No. 19826. In short, Manalo held that Linko compliance could be established by extrinsic evidence, whereas Hollon v. Clary held that Linko compliance cannot be established by extrinsic evidence but, rather, must be shown within the four corners of the offer of UM/UIM insurance.
 {¶ 11} Although Manolo is a well reasoned opinion, another panel of this court saw fit to overrule it. (Judge Fain, who concurred in Manalo, authored Hollon v. Clary). In the interests of consistency, we believe the better course is to follow our more recent pronouncement rather than to again switch positions.
 {¶ 12} It being undisputed that Linko compliance cannot be demonstrated from the four corners of CIC's offer of UM/UIM coverage, and because CIC cannot resort to extrinsic evidence to establish Linko compliance, the assignments of error must necessarily be overruled.
 {¶ 13} The judgment will be affirmed.
Brogan, J. and Young, J., concur.